IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES JORDAN, | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 06-147 Erie |
| | ) | District Judge McLaughlin |
| ZYGMONT A. PINES, | ) | Magistrate Judge Baxter |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

It is respectfully recommended that the motion for summary judgment filed by Plaintiff Jordan [Document # 9] be denied.

It is further recommended that the motion for summary judgment filed by Defendant Pines [Document # 15] be granted.

Further, the Clerk of Court should be directed to close this case.

**II.   REPORT**

Plaintiff, acting *pro se*, filed this lawsuit on June 30, 2006, against Defendant Zygmont A. Pines, "in his official capacity as Court Administrator of the Administrative Office of Pennsylvania Courts." Document # 4, Complaint. Plaintiff is a Constable who alleges that he is being denied equal protection under the Fourteenth Amendment because "Judge Rossi [not named as a Defendant in this action] has not permitted Plaintiff to perform Constable duties involving Court actions arising in Vernon Township, instead as allowed by the Pennsylvania Court Rules, Judge Rossi has assigned Constable duties involving Court actions arising in Vernon Township to Constables elected in other Townships." Id. at ¶ 28.

Further, Plaintiff explains:

> under the direction of the Chief Justice and Justices of the Pennsylvania Supreme Court, the Defendant as court administrator heads the Administrative

> Office of Pennsylvania Courts in providing the necessary support for the supervision and administration of all the Commonwealth's courts, as well as legal representation. The court administrators office also acts as a liaison with executive and legislative branch officials and agencies. The Pennsylvania Court Rules allow for Magisterial District Judges to assign service of court process to any sheriff or certified constable in the county in which their district is located, while this rule is appropriate for sheriffs in that they are chosen by the electorate of a county, it is not appropriate for constables who are chosen by only the electorate of a township, borough or ward.

Id. at ¶ 3-4. Plaintiff seeks declaratory and injunctive relief.

The parties have filed cross motions for summary judgment. The issues have been fully briefed and are ripe for disposition by this Court.

### A. Standards of Review

#### 1. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972) quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should be done so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make

inferences where it is appropriate.

### 2. Motion for summary judgment

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Company, 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990). Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Corrections Officer. v Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific

facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Corrections Officer. of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982). Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 247-249.

### B. Sovereign Immunity

In order to establish liability under § 1983, a plaintiff must show that: (1) he was deprived of rights secured by United States Constitution or laws of United States, and (2) he was subjected or caused to be subjected to constitutional deprivation by person acting under color of state law. 42 U.S.C.A. § 1983.

Plaintiff seeks relief against "the Court Administrator of the Administrative Office of the Pennsylvania Courts" in his official capacity. The Eleventh Amendment proscribes actions in the federal courts against states, their agencies, and state officials acting within their official capacities. Laskaris v. Thornburgh, 661 F.2d 23 (3d Cir. 1981)(Pennsylvania); Mt. Healthy City Board of Education v. Doyle, 429 U.S. 274 (1977) (state agencies); Edelman v. Jordan, 415 U.S. 651 (1974) (state employees acting in their official capacity). The Eleventh Amendment immunity applies to suits for equitable relief. Alabama v. Pugh, 438 U.S. 781 (1978); see also Pennsylvania Environmental Defense Foundation v. Mazurkiewicz, 712 F.Supp. 1184 (M.D. Pa. 1989).

The only ways that a state may be sued in federal court are if (1) the state has waived its

Eleventh Amendment immunity (<u>Kentucky v. Graham</u>, 473 U.S. 159 (1985)), or (2) Congress has made it unmistakably clear in either the language of a statute or in its legislative history that it is its intention to permit such suits (<u>Board of Trustees of the University of Alabama v. Garrett</u>, 531 U.S. 356 (2001)).  Thus, unless the Commonwealth of Pennsylvania has consented to suit here or the United States Congress has expressly abrogated the Commonwealth's Eleventh Amendment immunity, neither of which has occurred, this case should be dismissed.

Therefore, summary judgment should be granted in favor of Defendant Pines and against Plaintiff Jordan.

### III.     CONCLUSION

For the foregoing reasons, this Court respectfully recommends that the motion for summary judgment filed by Plaintiff Jordan [Document # 9] be denied.

It is further recommended that the motion for summary judgment filed by Defendant Pines [Document # 15] be granted.

Further, the Clerk of Court should be directed to close this case.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights. _____

S/ Susan Paradise Baxter<br>
SUSAN PARADISE BAXTER<br>
Chief United States Magistrate Judge

Dated:  February 6, 2007